IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:20-cv-18

| | |
|---|---|
| ROBERT WHITMIRE,<br><br>        Plaintiff,<br><br>vs.<br><br>SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,<br><br>        Defendant | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Robert Whitmire, beneficiary of the life insurance policy of Insured, Susan Whitmire, by undersigned counsel, brings this Complaint and Jury Trial Demand against Defendant, Southern Farm Bureau Life Insurance Company, and states as follows:

## NATURE OF THE CASE

1. This is an action for declaratory judgment, breach of contract, unjust enrichment, statutory violation, and bad faith punitive damages arising out of the denial of life insurance benefits. Robert Whitmire, as beneficiary, seeks enforcement of a $500,000 Life Insurance Policy, written by Defendant, Southern Farm Bureau Life Insurance Company, and issued to Susan Whitmire, now deceased, as well as punitive damages for Defendant's breaches of duty.

## PARTIES

2. Plaintiff, Robert Whitmire ("Plaintiff"), is a citizen of Wayne County, in the State of North Carolina and resides therein at 205 Hyde Park Dr., Goldsboro, NC 27530.

3. Susan Whitmire, Insured to the subject life insurance policy and now deceased ("Insured"), was a citizen of Wayne County, in the State of North Carolina and resided therein at 205 Hyde Park Dr., Goldsboro, NC 27530.

COMPLAINT - 1

4. Defendant, Southern Farm Bureau Life Insurance Company ("Defendant"), is a for-profit corporation licensed to conduct life insurance practices in the State of North Carolina with its principal place of business located at 1401 Livingstone Lane, Jackson, MS 39213.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. Complete diversity exists because Plaintiff is a citizen of North Carolina and Defendant is a citizen of Mississippi.

6. The North Carolina long-arm statute, N.C. Gen. Stat. § 1-75.4, authorizes personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with North Carolina to make this Court's exercise of Jurisdiction consistent with constitutional due process.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because it is the judicial district where a substantial part of the events giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

8. On or about April 26, 2005, Insured completed an application for a life insurance policy written by Defendant. Application attached as **Exhibit A**.

9. On this application, Insured listed her address as 205 Hyde Park Dr., Goldsboro, NC 27530 ("North Carolina address"). Insured also designated Plaintiff as the "Premium Payor" for the policy.

10. The application was completed by Jerry Sutton, a licensed North Carolina insurance agent for Defendant.

11. The application was subsequently approved, and the policy was delivered in the state of North Carolina on May 23, 2005. A copy of the policy number 18490020L ("the Policy") is attached as **Exhibit B**.

12. The Policy was delivered in North Carolina to a citizen of North Carolina; thus, it is subject to the laws of North Carolina.

13. For the next eleven (11) years, Plaintiff made all required premium payments on a semi-annual basis.

14. Defendant would mail the premium payment notices to the North Carolina address, and then Plaintiff would promptly pay via check.

15. Insured and Plaintiff began to go through marital problems in 2016.

16. As a result of these problems, Insured moved to South Carolina to live with her daughter, Kimberly Dawn Miller.

17. Insured filed an Official Individual Mail Forwarding Change of Address Order with the U.S. Postal Service on May 21, 2016.

18. Insured listed her new address as 2506 Celanese Rd., Apt. A, Rock Hill, SC 29732 ("South Carolina address"), which was the address she was staying at with her daughter.

19. Insured never contacted Defendant to change her address under the Policy.

20. Insured never notified or directed Defendant to send policy documents, payment notices, or lapse notices to the address in South Carolina.

21. Defendant received notification of the address change from the U.S. Postal Service on June 3, 2016.

22. In Defendant's April 27, 2017 letter to Plaintiff, it stated that after it received the address change from the U.S. Postal Service, it sent all future correspondences relating to the policy to

COMPLAINT - 3

the South Carolina address— not to the North Carolina address it had on file for the Insured. A copy of the letter is attached as **Exhibit C**.

23. Defendant mailed a premium payment notice on November 7, 2016 to the South Carolina address. A copy of this letter is attached as **Exhibit D**.

24. Defendant mailed a lapse notice on December 28, 2016 to the South Carolina address. This correspondence stated that if payment was received by January 22, 2017, then the policy would stay in effect. A copy of this letter is attached as **Exhibit E**.

25. Defendant sent no other lapse notices or premium payments after its December 2016 letter.

26. At no point did Defendant forward a copy of the November premium payment or December lapse notice to the North Carolina address.

27. Plaintiff and Insured moved back in together after Christmas 2016.

28. Neither Plaintiff nor Insured received any lapse notices or premium payment notices for the Policy at their marital home: the North Carolina address.

29. Defendant knew or should have known that Insured and Plaintiff were relying on the policy.

30. On or about January 27, 2017, Defendant sent a letter the South Carolina address stating benefits on Insured had lapsed. A copy of the letter is attached as **Exhibit F.**

31. No similar letter was sent to the North Carolina address.

32. On March 10, 2017, Insured died unexpectedly while visiting her father.

33. On or about April 27, 2017, Defendant sent a letter to Plaintiff notifying him that the benefits under The Policy were denied. A copy of the letter is attached as **Exhibit C**.

34. Despite its contractual obligations to Plaintiff, Defendant continues to deny payment of the proceeds correctly due on the policy.

## COUNT I
## DECLARATION THAT POLICY IS IN FULL FORCE AND EFFECT

35. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all prior paragraphs, as though fully set forth herein.

36. At the time of Insured's death, the subject policy was in full force and effect.

37. Plaintiff and Insured reasonably relied on Defendant to follow the contract.

38. Plaintiff and Insured reasonably relied on Defendant to follow North Carolina law.

39. It was foreseeable that Plaintiff and Insured would rely on Defendant's representations that it would follow the contract and applicable law.

40. As a result of Plaintiff and Insured's reliance on Defendant's acts and omissions:

    a. Insured and Plaintiff did not seek alternate coverage;

    b. Insured and Plaintiff did not seek to rectify the unknown issues with coverage;

    c. Plaintiff is left without the benefits allocated to assist with Insured's final expenses; and

    d. Plaintiff was required to retain counsel and initiate a lawsuit in an effort to obtain the funds lawfully owed under the policy.

41. Insured's contract was subject to the laws of North Carolina

42. The North Carolina lapse statute, **N.C. Gen. Stat. §58-58-120**, is applicable to the Policy.

43. Failure to comply with the statute, prevents the policy from being lapsed from one year from the last missed premium payment.

44. Defendant failed to send a lapse notice that complied with **N.C. Gen. Stat. §58-58-120**.

45. Defendant lapsed Insured's policy in a matter incongruent with the North Carolina lapse statute.

46. As the direct result of Defendant's bad faith insurance practices, its refusal to recognize the full force and effect of Insured's life insurance policy, and its failure to follow the North Carolina notice statute, Plaintiff has suffered damages exceeding $500,000, exclusive of interest, costs, and attorney's fees.

WHEREFORE, Plaintiff prays that this Court award:

    a. Declaratory judgment in their favor and against Defendant;

    b. Damages exceeding $500,000, in an amount to be determined at trial;

    c. Interest, costs, and attorney's fees;

    d. Punitive damages; and

    e. Such other and further relief as justice may require.

## COUNT II
## BREACH OF CONTRACT

47. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

48. The Policy constituted a valid and enforceable contract.

49. The Policy is required to follow the laws of the jurisdiction that it was delivered in.

50. Defendant breached the contract when it denied Plaintiff payment under that contract on or around April 27, 2017.

51. Defendant has no lawful basis for refusing to perform under the contract.

52. Insured and Plaintiff complied with all their obligations under the contract.

53. Any alleged failures of Insured to comply with the contract are a direct result of Defendant's breach.

54. Defendant failed to legally lapse the policy

55. As a direct and proximate result of Defendant's acts and omissions as alleged herein, it has become necessary for Plaintiff to retain the services of an attorney and other professionals to prosecute, preserve any all rights and claims, and collect the amounts appropriately due.

56. Plaintiff is entitled to an award of costs and expenses incurred in connection therewith.

WHEREFORE, Plaintiff prays that this Court award:

    a. Declaratory judgment in their favor and against Defendant;

    b. Damages exceeding $500,000, in an amount to be determined at trial;

    c. Interest, costs, and attorney's fees;

    d. Punitive damages; and

    e. Such other and further relief as justice may require.

## COUNT III
## UNJUST ENRICHMENT

57. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

58. In the alternative to Count I and II above, if no enforceable contract is found, Defendant has gained an unjust benefit by collecting numerous premium payments in exchange for no consideration.

59. At the time of Insured's death, the subject policy was in full force and effect.

60. Premiums on the policy were paid semi-annually at a rate of $1,062.20.

61. Plaintiff paid all premiums to Defendant in a timely manner when the premium notices were sent to the North Carolina address.

62. Each time a notice was sent to the North Carolina address, it was paid timely.

63. Defendant sent the last premium notice to the South Carolina address.

64. Defendant received the benefit of twenty-four semi-annual premium payments.

65. Plaintiff and Insured paid these premiums in exchange for life insurance coverage.

66. Defendant received this benefit in exchange for providing life insurance coverage to Insured.

67. Defendant unlawfully refused to pay the proceeds of the policy.

68. Defendant also retained all premiums paid over the lifetime of the policy and was therefore unjustly enriched.

69. As the direct result of Defendant's bad faith insurance practices and its refusal to recognize the full force and effect of Insured's life insurance policy, Plaintiff has suffered damages exceeding $500,000, exclusive of interest, costs, and attorney's fees.

WHEREFORE, Plaintiff prays that this Court award:

    a. Declaratory judgment in their favor and against Defendant;

    b. Damages exceeding $500,000, in an amount to be determined at trial;

    c. Interest, costs, and attorney's fees;

    d. Punitive damages; and

    e. Such other and further relief as justice may require.

# COUNT IV
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

70. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all prior paragraphs, as though fully set forth herein.

71. The insurance contract at issue included an implied covenant of good faith and fair dealing.

72. Plaintiff and Insured entered the contract in good faith and exercised good faith in all dealings with the Defendant.

73. Defendant breached this covenant by:

   a. Denying Plaintiff's claim without a reasonable basis;

   b. Providing misleading information; and

   c. Unnecessarily drawing out the claim process.

74. As the direct result of Defendant's refusal to recognize the full force and effect of Insured's insurance policy, Plaintiff has suffered damages exceeding $500,000, exclusive of interest, costs, and attorney's fees.

WHEREFORE, Plaintiff prays that this Court award:

   a. Declaratory judgment in their favor and against Defendant;

   b. Damages exceeding $500,000, in an amount to be determined at trial;

   c. Interest, costs, and attorney's fees;

   d. Punitive damages; and

   e. Such other and further relief as justice may require.

## COUNT V
## BAD FAITH

75. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all prior paragraphs, as though fully set forth herein.

76. Defendant was informed about its incorrect claim determination on February 28, 2018. See attached letter as **Exhibit G.**

77. Defendant was informed of the applicability of **N.C. Gen. Stat. §58-58-120** within that February 2018 letter.

78. Defendant responded on April 5, 2018, that it had at all times complied with **N.C. Gen. Stat. §58-58-120** and North Carolina law. See attached letter as **Exhibit H**.

79. Defendant admitted that no lapse notice was sent to the North Carolina address.

80. Defendant admitted that the lapse notice was only sent to the South Carolina address.

81. Defendant admitted that it sent the notices to South Carolina even though it was never notified by Insured to do so.

82. Defendant admitted that Insured never gave it a change of address form.

83. Nevertheless, Defendant has continuously maintained that it complied with North Carolina law.

84. In early 2019 Defendant was engaged by Plaintiff to begin settlement talks in order to avoid unnecessary litigation.

85. Defendant expressed interest in negotiating a settlement at this time.

86. Defendant was then unresponsive for months to Plaintiff's attempts for settlement talks.

87. This includes not responding to phone calls, emails, or letters for weeks at a time.

88. Defendant would still say it was interested in settlement when it did respond to Plaintiff.

89. After six months of Plaintiff acting in good faith to come to a negotiated settlement, Defendant ended talks stating the two parties were too far apart.

90. Defendant did not once throw out an offer to settle through six months of settlement talks.

91. On or about September 25, 2019, Defendant informed Plaintiff that it would not engage in settlement talks because it did not feel like an agreement could be reached.

92. This response was given after Plaintiff had given three alternate demands to settle this matter before litigation.

93. On October 3, 2019, Defendant once again said that it would not engage in settlement talks. See attach letter **Exhibit I**.

94. Defendant continued to state it only sent the notice to the South Carolina address.

95. Defendant was informed that suit would be file if it would not engage in settlement talks.

96. Defendant still decided to not engage in settlement talks after being informed of this.

97. Defendant's wholly improper denial of benefits has led to this instant action being filed and Plaintiff having to obtain an attorney.

98. Defendant's bad faith engagement in settlement talks was an effort to affect Plaintiff's material rights to file suit under the Policy.

WHEREFORE, Plaintiff prays that this Court award:

    a. Declaratory judgment in their favor and against Defendant;

    b. Damages exceeding $500,000, in an amount to be determined at trial;

    c. Interest, costs, and attorney's fees;

    d. Punitive damages; and

    e. Such other and further relief as justice may require.

# COUNT VI
## UNFAIR OR DECEPTIVE TRADE PRACTICES

99. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all prior paragraphs, as though fully set forth herein.

100. Defendant's actions pertaining to the handling of claim on the Policy constitute a violation of **N.C. Gen. Stat. § 75-1.1**.

101. Defendant's selling of insurance is an act affecting commerce.

102. Defendant's actions set forth above may be proved at trial to be unfair and deceptive acts or practices, including without limitation the unfair and deceptive trade practices defined in **N.C. Gen. Stat. § 58-63-15(11)**.

103. As a direct and proximate result of these unfair and deceptive practices, Plaintiff has suffered damages in excess of the value of the policy to be determined at trial.

104. Upon information and belief, Defendant has willfully engaged in the practices alleged herein, and its engagement in these practices is the basis of this suit.

105. Defendant has failed to act properly when it refused to engage in prompt settlement of a claim where liability was reasonably clear.

106. Defendant failed to act properly when it did not conduct a reasonable investigation based on all available information.

107. Defendant failed to act properly when it attempted to settle the claim for an amount less than what Plaintiff was reasonably entitled to.

108. Pursuant to **N.C. Gen. Stat. § 75-1.1**, in the alternative to Count V above, Plaintiff is entitled to recover damages and cost for reasonable attorneys' fees in connection with this action, as well as treble damages.

WHEREFORE, Plaintiff prays that this Court award:

a. Declaratory judgment in their favor and against Defendant;

b. Damages exceeding $500,000, in an amount to be determined at trial;

c. Interest, costs, and attorney's fees;

d. Punitive damages; and

e. Such other and further relief as justice may require.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all counts.

Respectfully submitted on this 16th day of January 2020.

By: /s/ Chad G. Boonswang
Chad G. Boonswang, Esq.
THE BOONSWANG LAW FIRM
1500 Sansom Street, Suite 200
Philadelphia, PA 19102-2800
Tel: 215.940.8900
Fax: 215.974.7800
chad@boonswanglaw.com
PA State Bar No. 79631
Attorney for Plaintiff, Robert Whitmire

By: /s/ Joseph E. Mattia
Joseph E. Mattia, Esq.
THE BOONSWANG LAW FIRM
1500 Sansom Street, Suite 200
Philadelphia, PA 19102-2800
Tel: 215.940.8900
Fax: 215.940.7800
joseph@boonswanglaw.com
PA State Bar No. 326282
Attorney for Plaintiff, Robert Whitmire

By: /s/ K. Alan Parry
K. Alan Parry, Esq.
PARRY LAW, PLLC
The Europa Center
100 Europa Drive, Suite 351
Chapel Hill, NC 27517
Phone: 919.913.3320
Fax: 919.869.2600
kap@parryfirm.com
N.C. State Bar No. 31343
Local Civil Rule 83.1(d) Counsel for Plaintiff

COMPLAINT - 14

## VERIFICATION

Robert Whitmire being duly sworn, deposes and says that he is the Plaintiff in the within action, that he has read the foregoing complaint and knows the contents thereof; that the same is true of Robert Whitmire's own knowledge, except as to those matters therein state to be alleged upon information and belief, and as to those matters believed to be true.

_1-11-20_
Date

_Robert Whitmire_ (signature)
Robert Whitmire